231 P.2d 952

**WITT ICE & GAS CO. v. BEDWAY.**

No. 5212.

Supreme Court of Arizona.

Decided May 28, 1951.

H. M. Van Denburgh, Phoenix, for appellant.

Evans, Hull, Kitchel & Jenckes, Phoenix, for appellee.

FARLEY, Superior Court Judge.

The plaintiff, John E. Bedway, instituted this action against Harlan Diehl, George Schaerges and the Witt Ice & Gas Company to recover damages for personal injuries sustained by him as the result of the explosion of a beer keg. The explosion occurred in the Troc Buffet in Phoenix on November 15, 1947, while the plaintiff was engaged in his duties as a bartender. At the time of the accident Diehl was in the business of installing beer dispensing equipment and employed Schaerges as his assistant. The two of them installed the beer dispensing equipment at the Troc Buffet on the day prior to the accident.

In the installation process it was necessary to connect a tank or cylinder of carbon dioxide gas as a component part of the beer dispenser in order to force the beer from the keg through the outlets on the bar. This was done by means of a copper tubing which was connected to the gas cylinder at the top, where a regulator was installed which gauged the flow of $CO_2$ gas into the beer barrel.

It was the plaintiff's contention that because the regulator was defective it did not properly regulate the flow of gas, and that as a consequence the explosion occurred which resulted in plaintiff's injuries.

The regulator was obtained from the defendant Witt Ice & Gas Company by defendant Diehl for the Troc Buffet, and it was delivered to the Buffet by an employee of the company at the time of delivery of the gas cylinder, and it was thereafter installed by Diehl. The jury determined that the defendant Witt Ice & Gas Company was negligent in selling a defective regulator but exonerated the defendants Diehl and Schaerges, so that this appeal is being prosecuted only by the Witt Ice & Gas Company, on numerous grounds which will be hereinafter indicated.

The appellant has assigned as error the introduction of the regulator and its exhibition to the jury in a disassembled state on several grounds which, broadly stated, are that it was not the manufacturer and had not made any representations or warranty concerning it, or had any knowledge of any defects in it; that it was admitted in evidence by the court solely for the purpose of demonstrating its outward appearance, and that it was not in the same condition it was when taken from the Troc Buffet.

■ The objection to the receipt in evidence of the regulator on the first ground, to wit, that appellant was not the manufacturer and had not made any representations or warranty concerning it would be well founded if the evidence was uncontradicted that it was a new regulator. The evidence in that regard was conflicting, and the jury evidently adopted the testimony of the expert witness, McLeod, who said that the regulator was not new and had seen a lot of service; also the warehouse manager for defendant company, one Walker testified on deposition, parts of which were introduced in evidence, that his company had used regulators on hand and that they had repaired and sold a few of them. The regulator was identified as the same one removed from the Buffet and which was admittedly supplied by the appellant. If different inferences as to ultimate facts may be drawn from evidentiary facts, the inference drawn by the trial court must be accepted by the supreme court on appeal. Daily Mines Co. v. Control Mines, Inc., 59 Ariz. 138, 124 P.2d 324; Kenton v. Wood, 56 Ariz. 325, 107 P.2d 380.

■ The next objection raised by the appellant was that the trial court stated at the time the exhibit was admitted in evidence that it was received solely for the limited purpose of demonstrating its outward appearance, and that it was error to subsequently permit the jury to observe its mechanical composition. The trial court erroneously concluded the purpose of the offer and perhaps misled counsel for appellant into believing that the mechanical aspect would not be considered. However we think it is harmless error as the exhibit was properly identified, and a proper foundation was laid by counsel for plaintiff before its mechanical operation and defects were presented to the jury.

Appellant also contends that the evidence conclusively showed that the regulator was in good operating condition at the time of its sale and for one and a a half to two hours after its installation. It appeared from the evidence that the failure of the regulator to maintain a constant pressure was due to a rip or tear in the neoprene valve seat which the expert McLeod testified showed evidence of age and a lot of service. " * * * The public safety and security against the fatal or injurious consequences ·of negligence in demonstrating and testing mechanical devices for common public use and in which lurk obvious possibilities of danger is a consideration to which courts cannot be indifferent. An imperative social duty requires a vendor of a mechanical device to take at least such easily available precautions as are reasonably likely to prevent serious injury to those who by using such a device may be exposed to dangers arising from its defective construction." Ebbert v. Philadelphia Electric Co., 330 Pa. 257, 198 A. 323, 327.

If the regulator were a new one the tests to which it was submitted would doubtless have been adequate to divulge any latent defects, but the jury apparently found that it was not a new regulator and as we have heretofore pointed out there was sufficient evidence to sustain that finding. Inasmuch as it was not a new mechanism and the explosion occurred we think it is self-evident that the tests to which it was subjected were not adequate to bring to light any latent defects.

The point is also made that the regulator was not in the same condition as when it was taken from the Troc Buffet. This raises the most serious aspect of this appeal. " * * * It is elementary that before a material object may be admitted in evidence, it must be shown that there has been no substantial change in condition since the time in issue." White v. Keller, 188 Or. 378, 215 P.2d 986, 990.

As was said in Allen v. Porter, 19 Wash. 2d 503, 143 P.2d 328, 331: " * * * An exhibit is admissible, so far as identity is concerned, when it has been identified as being the same object about which the testimony was given and when it is stated to be in the same condition as at the time of the occurrence in question. It is not necessary to negative the possibility of an opportunity for tampering with an exhibit, nor to trace its custody by placing each custodian upon the witness stand. * * * "

A satisfactory explanation was made by the witnesses who had it in custody after the accident for the disassembled state in which it was received in evidence. The regulator was identified by appellant's manager, Walker, and by the defendant Diehl as the regulator which was supplied by appellant and installed in the Buffet. An examination of the regulator after the explosion revealed that the safety blowout disc which is a part of the new regulator was not present, but rather a crudely cut

disc of brass shim stock six times thicker than the proper weight had been substituted. By reason of the failure of this extra heavy disc to blow out, the gas entered the beer barrel through the regulator in such a quantity beyond its pressure capacity that it caused the barrel to explode.

The evidence showed that after the regulator was delivered to the Buffet by appellant the substitute disc was not placed in the safety blowout mechanism by any person having an opportunity to do so. Under the circumstances the conclusion is inevitable that the heavy brass homemade disc had been placed in the safety blowout before it left the hands of the appellant. It is not necessary that the article be identically the same as at the time in controversy, and it is also unnecessary to show an absence of tampering on the part of every person through whose hands the article has passed; as long as the article can be identified it is immaterial in how many or in whose hands it has been. 32 C.J.S., Evidence, § 607.

It is next contended by appellant that there was no showing of negligence or that appellant had any knowledge of a defect in the regulator. In support thereof appellant cites section 402 of the Restatement of Torts, to wit: "A wholesale or retail dealer, who sells in their original packages goods bought from reputable manufacturers, acts as a conduit through which the goods pass from manufacturer to consumer, who buys them in reliance upon the manufacturer's reputation for competence and care. A vendor of such goods, therefore, is under no duty to subject them to rigid inspection or tests before selling them. * * *"

We concede that that is a good rule of law. In the case at bar, however, the facts are dissimilar. Here the evidence showed that the appellant dealt in both new and used regulators and that the regulator in question was a used one. Under such circumstances appellant is not a retailer within the purview of the above rule. Under those conditions the failure of the appellant to ascertain whether it was a used regulator before selling it as a new one, and whether it was equipped with a proper blowout disc, by examination of same before it was delivered, or to advise the owner of the Buffet that it was a used regulator and might be in a dangerous condition, constituted actionable negligence. We think it may be reasonably inferred from all the facts that the defect was one which a reasonably prudent dealer should have discovered before placing it upon the market and delivering it to a customer. One who sells or delivers a used article which he knows to be imminently dangerous to the life or limb of another without notice of its qualities is liable to any person who suffers an injury therefrom which might have been reasonably anticipated, whether there were any contractual relations between the parties or not. Bock v. Truck & Tractor, Inc., 18 Wash.2d 458, 139 P.2d 706.

158

We think our discussion of the foregoing principles adequately disposes of the remaining assignments of error.

Judgment affirmed.

UDALL, C. J., and STANFORD, DE CONCINI and LA PRADE, JJ., concur.

PHELPS, J., being disqualified, the Honorable GORDON FARLEY, Judge of the Superior Court of Santa Cruz County, was called to sit in his stead.