484 P.2d 757

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Dennis Paul CARLTON, Defendant-Appellant.**

No. 533.

Court of Appeals of New Mexico.

Feb. 19, 1971.

Rehearing Denied March 11, 1971.

Certiorari Denied April 7, 1971.

Fred T. Hensley, Portales, David W. Bonem, Clovis, for defendant-appellant.

James A. Maloney, Atty. Gen., Santa Fe, John A. Darden, Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

SPIESS, Chief Judge.

The defendant was convicted of violating § 40A–16–11, N.M.S.A.1953 (Rpl. Vol. 6), RECEIVING STOLEN PROPERTY. This statute reads:

"Receiving stolen property consists of buying, procuring, receiving or concealing anything of value, knowing the same to have been stolen or acquired by fraud or embezzlement."

\* \* \* \* \* \*

"Whoever commits receiving stolen property when the value of the property is over one hundred dollars ($100) but not more than twenty-five hundred dollars ($2,500) is guilty of a fourth degree felony."

The value of the property involved in this prosecution was found to exceed $100.-00, and defendant was sentenced in accordance with the applicable statute.

Review is sought by defendant under nine points.

It is first contended that the venue was not properly laid in Roosevelt County. The evidence discloses that property consisting of riding equipment of various kinds was stolen from the owner's tack room near Roswell, Chaves County. Some of this equipment, including a western saddle and a number of leather straps, was found in or upon defendant's property in Roosevelt County. The color of this saddle had been changed by darkening it; leather straps had been changed by reducing their size. An inference could properly be drawn that concealment of the stolen property occurred in Roosevelt County. The statute, § 40A–16–11, *supra*, states but one offence; it provides, however, four methods by which the offence may be committed, namely, buying, procuring, receiving, or concealing stolen property. Proof of any one of these methods, coupled with requisite knowledge, is sufficient to sustain a conviction. Venue was properly laid in Roosevelt County, where concealment occurred.

Defendant next contends that the trial court erred in admitting into evidence certain items identified as Exhibit 1 (an English riding saddle); Exhibit 2 (a number of leather straps); Exhibit 3 (a western saddle); and Exhibit 4 (a braking halter or hackamore). The admission of the items into evidence was objected to on the ground that there is no showing of continuity of possession between the Sheriff Davis and his successor, Sheriff Widener.

The testimony discloses that each of these items were found by Davis (then Sheriff of Roosevelt County) upon or in property of

the defendant. Davis identified the items as being those so found by him. Davis further testified that he had turned the items over to his successor, Sheriff Widener. Widener testified that he had received the items from Davis and were in his possession to the time of trial.

■■ It appears to us that the testimony adequately disclosed the custody of the property from the time it was found to the time of trial. Furthermore, it is generally held that, as long as an article can be identified, it is immaterial in how many, or in whose hands it has been. Witt Ice & Gas Co. v. Bedway, 72 Ariz. 152, 231 P.2d 952 (1951); Lestico v. Kuehner, 204 Minn. 125, 283 N.W. 122 (1938); State v. Sprout, 365 S.W.2d 572 (Mo.1963); State v. Allen, 183 Neb. 831, 164 N.W.2d 662 (1969); Friesen v. Schmelzel, 78 Wyo. 1, 318 P.2d 368 (1957); Keller v. Coca Cola Bottling Co., 214 Or. 654, 330 P.2d 346 (1958). In our opinion, the trial court correctly admitted the particular items of personal property into evidence over the objection.

Defendant further contends that his motion for a directed verdict should have been granted because the particular Exhibits 1 through 4 were improperly admitted into evidence. Holding as we do, that the exhibits were properly admitted, we likewise hold that the court did not err in denying the motion for a directed verdict.

Defendant moved to suppress certain evidence consisting of the English saddle (Exhibit 1) and a number of straps bearing a particular brand (Exhibit 2). A pretrial hearing was held upon the motion. The evidence there presented disclosed that a search warrant had been issued and delivered to the Sheriff for execution. The warrant listed a number of items to be seized, but did not include the English saddle, nor the straps.

The officers, the defendant, and one of the persons from whom property had been stolen were present during the search. Certain of the items described in the warrant were seized. Upon entering one of the premises described in the warrant, and while conducting a search therein, the officers saw the English saddle and straps. These items at the time were identified as stolen property.

■ The trial court denied defendant's motion to suppress, and its action is here for review. It is argued that the trial court erred because the items which were seized were not described in the warrant. This contention, in our opinion, is without merit. The validity of the warrant and the right to conduct the search upon the premises is not questioned. When, in the course of a lawful search for property illegally possessed, the officers conducting the search discover other property illegally possessed the property so discovered may be seized. State v. McMann, 3 Ariz.App. 111, 412 P.2d 286 (1966); Johnson v. United States, 110 U.S.App.D.C. 351, 293 F.2d 539 (1961), cert. den. 375 U.S. 888, 84 S.Ct. 167, 11 L.Ed.2d 118 (1963); United States v. Eisner, 297 F.2d 595 (6th Cir. 1962), cert. den. 369 U.S. 859, 82 S.Ct. 947, 8 L. Ed.2d 17 (1962); Seymour v. United States, 369 F.2d 825 (10th Cir. 1966), cert. den. 386 U.S. 987, 87 S.Ct. 1297, 18 L.Ed.2d 239 (1967); Aron v. United States, 382 F.2d 965 (8th Cir. 1967); Romero v. Superior Court for Los Angeles County, 266 Cal.App. 2d 714, 72 Cal.Rptr. 430 (1968); State v. Haggard, 89 Idaho 217, 404 P.2d 580 (1965); People v. Robinson, 40 Ill.2d 453, 240 N.E.2d 630 (1968); State v. Johnson, 16 Ohio Misc. 278, 240 N.E.2d 574 (1968); State v. Whitewater, 251 Or. 304, 445 P.2d 594 (1968); See Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968).

Defendant, in support of his attack upon the admissibility of the particular items of evidence, cites Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927). In *Marron* the court held that items not named in warrant could not be seized as an incident to the execution of warrant. *Marron*, however, did not involve the seizure of contraband in the view of the officers lawfully conducting a search. Defendant likewise cites State v. Paul, 80

N.M. 521, 458 P.2d 596 (Ct.App.1969). In *Paul* the seizure, likewise, was not contraband but items of pure evidence.

Defendant further contends that the trial court erred in denying the motion to suppress because he was denied his right to the assistance of counsel at the time the property was seized. This contention, in our opinion, is likewise without merit.

No authority has been cited by defendant, nor have we discovered any imposing an obligation on the part of officers searching pursuant to a warrant to have defendant or his counsel present during the search.

Defendant, by his next point, asserts that " * * * the trial court erred in allowing cross-examination of the defendant relative to the commission of past felonies and misdemeanors." The following question was asked of defendant: "Have you been, Mr. Carlton, have you ever been convicted of a felony or misdemeanor?" At this point objection was made to the question upon the ground, as stated by defendant's counsel, that the question was not asked in good faith for the reason that the prosecutor was aware that defendant had not been convicted of a felony or misdemeanor other than a homicide conviction which was then pending on appeal. See State v. Williams, 76 N.M. 578, 417 P.2d 62 (1966); State v. Garcia, 80 N.M. 247, 453 P.2d 767 (Ct.App.1969).

The trial court overruled the objection but said: "I'll limit the District Attorney to asking the question if he has been convicted of a felony, if he wants that, or he can ask it. 'Have you been convicted of a felony or misdemeanor?' And do not ask what it was under."

Section 20–2–3, N.M.S.A.1953, provides, in part, "A witness may be questioned as to whether he has been convicted of any felony or misdemeanor, * * *"

It is held that the cross-examination may not go beyond the name of the particular offence. State v. Clark, 80 N.M. 91, 451 P.2d 995 (Ct.App.1969); State v. Coca, 80 N.M. 95, 451 P.2d 999 (Ct.App.1969).

The question was clearly proper under the language of § 20–2–3, *supra*.

Argument is made that the question was improper because the homicide conviction was pending on appeal. In responding to the question asked by the prosecutor defendant simply answered "Yes, sir."

We are unable to determine from the record whether the answer related to the homicide conviction which was on appeal, or some other felony of which defendant may have been convicted.

It is further argued that the trial court did not attempt to weigh the probative value of proof of a prior conviction of a felony as against the prejudicial effect of such proof. In substance, the defendant says that no judicial discretion was exercised in admitting the testimony, contrary to State v. Coca, *supra*. It appears from the record that the issue relating to the probative value of the testimony as against its illegitimate tendency to prejudice was brought to the trial court's attention and the court then exercised its discretion and permitted the testimony.

Defendant further contends that the value found by the jury of the western saddle and hackamore does not have evidentiary support. Testimony was offered as to the value of the western saddle and hackamore and also as to the English saddle and leather straps. Verdict forms were submitted to the jury wherein the jury was directed to determine the "market value" of the western saddle and hackamore separately from the English saddle and straps. The jury found the market value of the western saddle and hackamore to be $107.50 and the English saddle and straps to be $170.00.

Defendant acknowledges that if we have determined that the English saddle and straps were properly admitted in evidence then his contention relating to the finding of the market value of the western saddle and hackamore is lacking in substance for the reason that the proof of value of the property exceeded $100.00. Having determined that English saddle and straps were

properly received in evidence, we do not consider this contention.

Defendant further asserts that "The trial court erred in allowing the state to introduce testimony to the effect that the defendant remained silent when questioned by the police regarding where he had obtained the allegedly stolen property." The record material to this point discloses the following testimony.

"Q Now, back to the question, Mr. Davis, on August 24, 1968, when the saddles were found, State's Exhibit 3, the hackamore, State's Exhibit 4, and the rope, State's Exhibit 5, was Mr. Carlton asked anything by anyone?

A Yes, sir, he was.

Q And who asked him what?

A Mr. Boone.

Q And what did Mr. Boone ask him?

A He asked him if he cared to tell us where he obtained this property.

Q And what was his statement or answer?"

[Objection interposed by defendant's counsel.]

"A He stated that he did not want to talk to Mr. Boone about it."

Defendant argues that one circumstanced as he was at the time is under no duty to speak, and that his silence or refusal to reply to questions or statements directed to him creates no inference of guilt as against him. Consequently, evidence may not be introduced to show that defendant failed or refused to speak or answer questions propounded to him by a prosecuting officer. Defendant cites Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); and State v. Hatley, 72 N.M. 280, 383 P.2d 247 (1963).

We agree that in the circumstances here the question was improper and the answer was erroneously admitted. The question was improper and the answer was inadmissible because no inference of defendant's guilt may be drawn here, from

defendant's answer, and because of the danger that the jury might equate defendant's failure to talk with guilt. The question is whether the circumstances are such that there is no danger that the jury drew an improper inference or equated defendant's answer with guilt. See State v. Hovey, 80 N.M. 373, 456 P.2d 206 (Ct.App.1969).

We are of the opinion that, for two reasons, the jury did not consider the question and answer in an improper manner. First, the answer was that defendant did not want to talk to Mr. Boone about it, not that he didn't want to talk at all. Defendant testified that he did talk about the property to sheriff's officers from both Curry and Chaves Counties. His testimony, as to talking to the officers, is uncontradicted. Second, not only did defendant talk about where he obtained the property (both to the officers and to the jury), he explained that he didn't want to talk to Mr. Boone, who was the assistant District Attorney, "* * * without the presence of Mr. Buzzard [defendant's attorney], * * *."

In the light of these circumstances, although the trial court erred in admitting the answer that defendant didn't want to talk to Mr. Boone, there was no prejudice to defendant, and the error does not require a reversal. State v. Hovey, supra.

The defendant further contends:

"THAT THE TRIAL COURT ERRED IN REFUSING TO GRANT THE DEFENDANT'S MOTION FOR MISTRIAL AND FURTHER FOR THE COURT'S FAILURE TO INSTRUCT A VERDICT FOR THE DEFENDANT BASED ON THE FAILURE OF THE STATE TO GIVE THE DEFENDANT A PROPER WARNING OF HIS CONSTITUTIONAL RIGHTS."

Defendant argues that he was not warned of his constitutional rights as required by Miranda. The record discloses that on the 24th of August, 1968, defendant accompanied the officers, at their request, to two properties of his where searches for stolen property were to be conducted. It also appears that de-

fendant remained with the officers throughout the searches and was present when the stolen property was seized. It is likewise shown that defendant was not warned of his constitutional rights at any time during the 24th of August, 1968, although he had been so warned on the 20th and 21st of August, 1968, in connection with a charge other than that herein involved. Defendant has not called our attention to evidence of any statement made by him of any exculpatory or inculpatory nature, nor has our search of the record disclosed such evidence. The failure, consequently, to give the appropriate warnings would be unavailing as a basis of error, or a basis for a mistrial.

Defendant further contends that:

"THE TRIAL COURT ERRED IN REFUSING TO INSTRUCT A VERDICT FOR DEFENDANT BECAUSE OF THE HIGHLY PREJUDICIAL EFFECT ON THE JURY OF THE COURT ALLOWING THE DISTRICT ATTORNEY TO CROSS-EXAMINE THE DEFENDANT FROM AN INSTRUMENT THAT WAS NOT PROPERLY CERTIFIED TO NOR AUTHENTICATED AND VERIFIED BY THE PERSON WHO ALLEGEDLY TRANSCRIBED THE INSTRUMENT."

It appears from the record that defendant, upon being called as a witness in his behalf, testified to various matters relating to his purchase of several pieces of the riding equipment. Upon cross-examination, and for the purpose of impeachment, the district attorney, in an effort to disclose certain contradictory or inconsistent statements theretofore made by the defendant read certain questions asked of defendant, and his answers thereto, from transcribed notes. The transcript was not authenticated, nor certified, which is the basis of defendant's claim of error.

 It is fundamental that a statement, written or oral of a witness as to a material matter inconsistent with his testimony at trial is admissible for impeach-

ment purposes. *See*, C. McCormick, Evidence, 34 at 63 (1954).

In questioning concerning the prior statement, a foundation was laid as to the time, place and details of the statement. See Nichols v. Sefcik, 66 N.M. 449, 349 P. 2d 678 (1960).

Questions were asked about two prior statements in the transcribed notes. Defendant denied making the first statement. He could not remember making the second statement. Under § 20–2–2, N.M.S.A. 1953, proof could have been offered that defendant did, in fact, make the prior statements. No such proof was offered. Since no attempt was made to introduce the transcribed notes, the asserted lack of authenticity or certification was premature if the objection went to introduction of the notes.

 If the objection was directed to *any* questioning concerning a prior statement before the basis for such questioning is shown to be in the form of admissible evidence in the questioner's possession, the answer is that § 20–2–2, *supra*, imposes no such requirement. The questions could be asked even though there was no foundation for admission of the notes, State v. Butler, 38 N.M. 453, 34 P.2d 1100 (1934), because the object of § 20–2–2, *supra*, is to give the witness an opportunity to deny or explain the apparent contradiction. State v. Carabajal, 26 N.M. 384, 193 P. 406 (1920).

Finally, and in an effort to secure a new trial, defendant contends that the trial court, after conference with counsel, stated that the case would be submitted to the jury under two counts, but contrary to such statement the charge was submitted under a single count. It is argued that the defendant was prejudiced in that his counsel, " * * * was unable to make objections at proper times had he known that the court was only going to submit the charges in one count."

If this contention has merit, which we do not decide, it is, nevertheless, not supported by the record. The trial court did not state that the case would be submitted un-

der two counts. The record does disclose that, after conference with counsel, and in referring to the difference in proof of value of the various items of riding equipment, the court said: " * * * So it can be submitted on two counts." Not that it would be so submitted. At the conclusion of the conference the trial court stated: " * * * it can be submitted to conform to the evidence."

The judgment will, accordingly, be affirmed.

It is so ordered.

WOOD and HENDLEY, JJ., concur.