491 P.2d 452

**STATE of Arizona, Appellee,**

v.

**Willie T. LOCKETT, Appellant.**

**No. 2233.**

Supreme Court of Arizona,
In Banc.

Dec. 8, 1971.

Gary K. Nelson, Atty. Gen., Phoenix, by Jerry C. Schmidt, Asst. Atty. Gen., Tucson, and Paul Prato, Asst. Atty. Gen., Phoenix, for appellee.

Howard A. Kashman, Pima County Public Defender, by Gilbert Veliz, Jr., and Eleanor Schorr, Deputy Public Defenders, Tucson, for appellant.

HAYS, Vice Chief Justice.

The defendant, Willie T. Lockett, was convicted of the crime of armed robbery and sentenced to a term of seven to nine years. Having reviewed the issues raised by the defendant, we find them without merit and affirm the conviction.

On the night of October 22, 1969, a Seven-Eleven store in Tucson was robbed by a man subsequently identified as the defendant. The identification was made by two employees of the store and a young woman who was one of three women who saw the robber in the store a short time before the robbery occurred. In addition, there was finger-print evidence linking defendant with the offense.

Defendant's first contention is that the trial court abused its discretion by denying his motion for a continuance made on the day of the trial. Defendant had originally moved for a continuance a week before the scheduled trial date on the grounds that although diligent effort had been expended, he had been unable to obtain the addresses of two important witnesses. These witnesses were two of the women mentioned above. The State's opposition to this motion included an affirmative declaration that both witnesses would be at the trial. The trial court denied defendant's motion.

After learning on the night before the trial that the State was only going to be able to produce one of the witnesses, the defense renewed its motion for a continuance on the day of the trial, citing the failure of the State to produce both witnesses. The defense stated that while the defendant would prove he did not have "processed" hair on the day of the robbery, the absent witness would testify that the person who robbed the store did have "processed" hair. There would be further testimony that "processed" hair cannot be altered until after the passage of time. The court again denied the motion.

The question of granting a continuance is largely within the discretion of the trial court, and this court will not reverse on this ground unless it is clearly shown that there is an abuse of discretion. State v. Reyes, 99 Ariz. 257, 408 P.2d 400 (1965). Although the State had attempted to produce the witness and failed, defendant made no showing that the witness would be available to testify at a later date. See State v. Maxwell, 103 Ariz. 478, 445 P.2d 837 (1968). The transcript of record indicates that although arrangements were made by the State to secure the presence of the out-of-state witness, she turned up AWOL from the Job Corps Training Center. The defendant does not contend that there was bad faith on the part of the State nor that the State was not diligent in attempting to secure the presence of the witness. The defense motion for continuance was oral and came at a stage when the voir dire of the jury panel had been completed. The court, after a hearing outside the presence of the jury, elected to deny the motion for continuance. We find no abuse of discretion here.

Defendant contends that he did not make a knowledgeable and informed waiver of his right to a trial by a full slate of twelve jurors. During the course of the trial, one of the original twelve jurors became ill and was unable to sit on the case. This was on a Friday. The juror indicated to the court that he would be able to return Monday to continue the trial.

When asked if he would stipulate to a trial by eleven jurors, defense counsel stated he would have to discuss the matter with the defendant. The defendant told his attorney that he, in fact, agreed to proceed with eleven jurors.

The court, wanting to be certain that the defendant personally assented to this action, asked the defendant in open court if he agreed to this. The court stated that the matter could be continued until Monday if the defendant did not agree. The defendant responded that he did agree.

Defense counsel stated at that time that the defendant's decision was based on the fact that one of the witnesses for the defense, who had come in from California for the trial, would not be able to be present on Monday. The court indicated that the witnesses in this trial could be made to remain in Tucson over the week end.

The basis for the defendant's argument that his waiver was not knowledgeable and informed is Rule 266, Rules of Criminal Procedure, 17 A.R.S. This rule states that if the juror becomes ill so that he is unable to perform his duty,

". . . a new juror may be sworn and the trial commenced anew or the jury may be discharged and a new jury drawn and impaneled in the discretion of the court."

It is the failure of the court to explain to the defendant the possible alternatives under Rule 266 which the defendant alleges to have constituted a situation wherein his waiver was unknowledgeable and uninformed.

The alternatives under Rule 266 were designed for a situation in which a juror is so ill that he must be discharged from the case. The record indicates that this juror was not so severely ill that he would have been unable to return to sit on the case the following Monday. It was within the trial court's discretion to propose a slight delay in the trial due to the temporary nature of the illness of a juror. Since it was unnecessary for the court to resort to the alternatives set forth in Rule 266, the defendant cannot claim that his lack of knowledge of them was prejudicial.

■ Defendant states that the failure of the court to give defendant's Instruction No. 11 to the jury, and the giving of certain other instructions by the court, combined to mislead the jury and deny the defendant one of the possible results of a criminal trial, a hung jury. Defendant's Instruction No. 11 counseled jurors to maintain their individual opinions concerning the case, stating that they should not change them because one of their fellow jurors may have come to a different conclusion, or merely to bring about a unanimous verdict. The instruction of the court upon which the defendant centers his objection is as follows:

"This being a criminal case, it is necessary that all eleven of you on this jury panel agree. In a criminal case it has to be a unanimous verdict. You all must agree on the verdict."

It is defendant's contention that by using this form of instruction, the court appeared to be giving the jury a mandate to agree either for acquittal or conviction, thus eliminating the alternative of a hung jury.

It is our opinion that the instruction given by the trial court, along with the instructions as a whole, was sufficient to apprise the jury such that none of the choices open to them were precluded. The instruction given was for the purpose of informing the jury that their verdict of guilty must be unanimous in a criminal proceeding.

■ The defendant next contends that the trial court committed fundamental error in failing to instruct the jury on its own motion that there was a possibility that the in-court identification of the defendant was tainted. See State v. Dessureault, 104 Ariz. 380, 453 P.2d 951 (1969). We have held that the failure of a defendant to request specific instructions constitutes a waiver of any right to have them given. State v. Blankenship, 99 Ariz. 60, 406 P.2d 729 (1965).

■ The defendant lastly contends that the court erred in admitting into evidence a job application form filled out by the robber just prior to the robbery. The basis of his contention is that there was improper foundation, no chain of custody having been established. The evidence showed that one of the employees of the Seven-Eleven store placed the application form on the counter after it was filled out. When the police arrived, the application form was handed to a police officer. The employee could not remember to which offi-

cer he handed it. When the identification officer arrived, his attention was directed by one of the officers to the application form which again lay on the counter. The identification officer took the application form into custody to examine it for fingerprints.

The defendant argues that the missing link in the chain occurred between the employee and identification officer. We have held that it is unnecessary to negate the possibility of an opportunity for tampering with an exhibit or to trace its custody by placing each of its custodians on the witness stand. Witt Ice & Gas Co. v. Bedway, 72 Ariz. 152, 231 P.2d 952 (1951). A proper foundation having been laid, the evidence was properly admitted.

Affirmed.

STRUCKMEYER, C. J., and UDALL, and LOCKWOOD, JJ., concur.

NOTE: Justice CAMERON did not participate in the determination of this matter.