508 P.2d 30

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Lorenzo CHAVEZ, Jr., Defendant-Appellant.**

**No. 1005.**

Court of Appeals of New Mexico.

March 2, 1973.

Robert N. Singer, Coors, Singer & Broullire, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Randolph B. Felker, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

Defendant, Lorenzo Chavez, Jr., was tried and convicted on two counts of violating § 54–7–14, N.M.S.A.1953 (Repl. Vol. 8, pt. 2) unlawful sale of narcotic drug. Defendant appeals.

We affirm.

The defendant raises the following issue: that the heroin should not have been admitted as evidence.

(1) *The heroin was properly admitted by the district court as evidence.*

 Defendant contends that the chain of custody of the evidence was broken upon transfer of the substance from Agent Ortiz to the Assistant District Attorney.

Agent Ortiz made purchases of heroin from the defendant on November 24, 1971 and on November 26, 1971. Agent Ortiz kept the heroin in his possession until he delivered it to Dr. Schoenfeld for analysis on January 5, 1972. The heroin was then kept in Dr. Schoenfeld's safe at all times except at the time of analysis. Agent Ortiz picked the heroin up from Dr. Schoenfeld the day before the trial and kept the evidence in his possession until the morning of the trial, when he delivered it to the prosecuting Assistant District Attorney.

(2) *Chain of custody was not broken.*

In order to admit real or demonstrative evidence at trial, the item of evidence in question must be identified, either visually or by establishing the custody of the object from the time it was seized to the time it is offered in evidence. State v. Dotson, 260 La. 471, 256 So.2d 594 (1971). For admission, it suffices if the evidence estab-

lishes it is more probable than not the object is the one connected with the case. A preponderance of the evidence is sufficient. Dotson, supra; United States v. S. B. Penick & Co., 136 F.2d 413 (2d Cir. 1943).

The court in Brewer v. United States, 353 F.2d 260 (8th Cir. 1965) stated as follows:

"We believe that the law applicable to the admissibility of exhibits such as here involved is properly stated in Gallego v. United States, 9 Cir., 276 F.2d 914, 917, as follows:

"'Before a physical object connected with the commission of a crime may properly be admitted in evidence there must be a showing that such object is in substantially the same condition as when the crime was committed. This determination is to be made by the trial judge. Factors to be considered in making this determination include the nature of the article, the circumstances surrounding the preservation and custody of it, and the likelihood of intermeddlers tampering with it. If upon the consideration of such factors the trial judge is satisfied that in reasonable probability the article has not been changed in important respects, he may permit its introduction in evidence. United States v. S. B. Penick & Co., 2 Cir., 136 F.2d 413, 415.

"' . . .

"'The trial judge's determination that the showing as to identification and nature of contents is sufficient to warrant reception of an article in evidence may not be overturned except for a clear abuse of discretion. No abuse of discretion was shown here.'"

As to visual identification, it is not necessary that such identification positively and indisputably describe such article. Cheatham v. State, 483 P.2d 1172 (Okl.Crim. App.1971). The court in State v. McGoni-

gle, 103 Ariz. 267, 440 P.2d 100 (1968) stated as follows:

" . . . As we said in Witt Ice & Gas Co. v. Bedway, 72 Ariz. 152, 157, 231 P.2d 952:

" 'It is not necessary that the article be identically the same as at the time in controversy, and it is also unnecessary to show an absence of tampering on the part of every person through whose hands the article has passed; *as long as the article can be identified it is immaterial in how many or in whose hands it has been.*' (Emphasis added.)"

State v. Carlton, 82 N.M. 537, 484 P.2d 757 (Ct.App.1971): State v. Allen, 183 Neb. 831, 164 N.W.2d 662 (1969).

In the present case, the prosecution laid a proper foundation for the evidence in question through the process of visual identification. Agent Ortiz identified the heroin which was introduced at trial as being the same heroin (in the same condition) he had purchased from the defendant. Dr. Schoenfeld testified that the heroin at the trial was the same as the one given to him by Agent Ortiz. The Doctor further testified that the exhibits " . . . look to be intact and not tampered with . . . " and that they were in substantially the same condition at the time of trial as at the time they were delivered to him by Agent Ortiz.

In addition to the visual identification, the exhibits were properly identified through the chain of custody approach. There is substantial evidence from reviewing the record to support the findings of the court that the chain of custody of the evidence in question was complete and unbroken from the time the heroin was sold by the defendant until the time it was introduced in evidence.

The court in State v. Lockett, 107 Ariz. 598, 491 P.2d 452 (1971) held as follows:

"The defendant argues that the missing link in the chain occurred between the employee and identification officer. We have held that it is unnecessary to negate the possibility of an opportunity for tampering with an exhibit or to trace its custody by placing each of its custodians on the witness stand. Witt Ice & Gas Co. v. Bedway, 72 Ariz. 152, 231 P.2d 952 (1951). A proper foundation having been laid, the evidence was properly admitted."

In Pasadena Research Laboratories, Inc. v. United States, 169 F.2d 375 (9th Cir. 1948), the court discussed the appellant's claim that the chain of custody must be fully and completely established by testimony from every custodian of the evidence. The court stated:

"Such a rigorous exaction regarding proof is supported neither by reason nor by authority. If the Government were obliged to establish the absence of 'tampering' by every one who had any contact whatsoever with the drugs, the Act would be incapable of enforcement.

"In Lestico v. Kuehner, 204 Minn. 125, 283 N.W. 122, 125, the court derided 'the unique theory' that it was incumbent to show the 'chain of possession' of a punctured tire casing offered in evidence after it had been repaired, 'during the whole period from accident to trial.' The court said:

" 'The tire had been removed and repaired in Minneapolis. The thought of objections and sustaining rulings was that no sufficient foundation could be laid except by testimony not only as to genuineness, but also the absence of tampering, from every person through whose hands the casing had passed in the meantime.

" '*There is no such rule and never has been.*' [Emphasis supplied]"

Defendant relies on two cases, Joyner v. Utterback, 196 Iowa 1040, 195 N.W. 594 (1923) and Rodgers v. Commonwealth, 197 Va. 527, 90 S.E.2d 257 (1955) as holding

that the complete chain of evidence must be established, tracing possession to the final custodian at trial. In Joyner, supra, the situation was presented where the chain failed between the seizure of the evidence and the chemical analysis by the expert. Likewise in Rodgers, supra, the chain of custody was broken between the time the evidence was taken from the defendant and the time the analysis was performed. Compare Apodaca v. Baca, 73 N.M. 104, 385 P. 2d 963 (1963).

In the present case, the evidence is clear that the heroin remained in Agent Ortiz' possession until the time it was chemically analyzed. On the morning of the trial, Agent Ortiz gave the evidence to the Assistant District Attorney. At the beginning of the trial, the Assistant District Attorney offered to testify regarding his custody of the evidence. The defendant did not pursue this matter any further nor did he offer any evidence showing how the Assistant District Attorney's failure to testify prejudiced his substantial rights in the case. State v. Belcher, 83 N.M. 130, 489 P.2d 410 (Ct.App.1971).

The fact that there is conflicting testimony as to the chain of custody does not render the evidence inadmissible. State v. Harrison, 81 N.M. 623, 471 P.2d 193 (Ct.App.1970).

Defendant raised doubts regarding the color of the heroin as being white or brown. The color of the heroin was subject to different interpretations by the witnesses. The descriptions of the heroin varied because of differences in personal opinion as to certain succinct color variations and to interpretations drawn therefrom.

The evidence complained of by defendant was properly admitted.

Affirmed.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.