509 P.2d 893

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Raymond MONTOYA, aka Loco, Defendant-Appellant.**

**No. 1093.**

Court of Appeals of New Mexico.
April 13, 1973.

Monte Lee Sherrod, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., James H. Russell, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Defendant was convicted of unlawful possession of a controlled substance (heroin). Section 54–11–23, N.M.S.A.1953 (Repl. Vol. 8, pt. 2, Interim Supp.1972). Defendant appeals.

We affirm.

Defendant contends the state failed to prove, (1) possession of the narcotic by the defendant; (2) a complete chain of custody of the narcotic.

### (1) *State Proved Constructive Possession*

On April 20, 1972, defendant rented for one week room No. 3 at a motel in Albuquerque, New Mexico, and took possession. The police began observation on April 23, 1972. Surveillance showed defendant in the motel room and people going in for a few minutes and then leave. On April 26, 1972, a search warrant was obtained, the room was searched in the absence of defendant, and police found one cap of suspected heroin in the bottom of a box in the northeast corner of the room. Seven caps of suspected cocaine were found.

 This is sufficient evidence to show defendant was in constructive possession of the heroin cap with knowledge thereof. "Constructive possession" means knowledge of the presence of the narcotic and control over it. The power to produce or dispose of the narcotic is evidence of such control. Amaya v. United States, 373 F.2d 197, 199 (10th Cir. 1967); The People v. Fox, 24 Ill.2d 581, 182 N.E.2d 692 (1962); Annot. 91 A.L.R.2d 810; State v. Giddings, 67 N.M. 87, 352 P.2d 1003 (1960); State v. Maes, 81 N.M. 550, 469 P.2d 529 (Ct.App.1970). Defendant was in possession of the room for six days before the legal search began, and in the absence of any evidence to the contrary, a reasonable inference can be drawn that defendant had knowledge of the presence and nature of the narcotic drug. State v. Garcia, 76 N.M. 171, 413 P.2d 210 (1966); State v. Ronniger, —— Or.App. ——, 492 P.2d 298 (1971).

The state proved constructive possession.

### (2) *The State Proved Chain of Custody of Narcotic*

On April 26, 1972, a detective, who participated in the search, took the narcotic to the Albuquerque police department and checked it into evidence in a sealed envelope. In August, he checked it out and took it to a biochemist for testing. A receipt was given the detective on August 31, 1972. On September 1, 1972, the narcotic was tested and returned to the biochemist's safe until the morning of trial, September 5, 1972.

Defendant claims that no evidence was presented about the narcotic from April 26, 1972, until August 31, 1972, and this was a missing link. It is not a missing link in this court. State v. Chavez, 84 N.M. 760, 508 P.2d 30 (Ct.App.), decided March 2, 1973.

Affirmed.

It is so ordered.

WOOD, C. J., and LOPEZ, J., concur.