# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                            NO. 28,466

**DANNY McKINNEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Ricky D. Purcell, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**CASTILLO, Judge.**

Defendant appeals his felony convictions for possession of a firearm by a felon
and possession of a controlled substance, methamphetamine, and his misdemeanor

convictions for possession of drug paraphernalia and possession of marijuana. [RP 61] The notice of proposed summary disposition proposed to affirm. Defendant filed a timely memorandum in opposition pursuant to a granted motion for extension of time. In support of his arguments for issues (1)-(3) and (5)-(7), Defendant refers to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985). [MIO 9-10, 15-17] We remain unpersuaded by Defendant's arguments and therefore affirm.

**Issues (1) and (2):** Defendant continues to argue that the district court erred in admitting photographs of the controlled substances confiscated during the search of Defendant's residence and in permitting identification of the seized controlled substances through these photographs. [DS 7; MIO 7-10]

The photographs at issue are of the methamphetamine about which the lab technician testified telephonically [DS 3; MIO 2-3, 8] and which were referred to by Officer Shaw in identifying the items seized from Defendant's residence. [DS 6; MIO 6] Defendant challenges both the foundation for admission of the photographs [RP 24; DS 3, 5; MIO 8], as well as the chain of custody of the actual controlled substances. [RP 24; DS 3, 5; MIO 8-9]

Regarding the foundation for admission of the photographs [DS 3; MIO 8], given the lab technician's status as the person who both tested and photographed the

2

controlled substances sent to him from the Tucumcari Police Department [DS 5; MIO 8], we hold that the lab technician was familiar with methamphetamine and qualified to identify the photograph as a fair and accurate representation of the methamphetamine that was confiscated from Defendant. *See State ex rel. State Highway Dep't v. Kistler-Collister Co.*, 88 N.M. 221, 225, 539 P.2d 611, 615 (1975) (holding that the "authentication of verification of photographs prerequisite to their admission into evidence may be made by the photographer or by any witness whose familiarity with the subject matter represented thereby qualifies him to testify as to the correctness of the representation of the objects or scenes which they portray").

Regarding the chain of custody of the controlled substances [MIO 4, 9], the facts provide that Defendant's probation officer, James Olivas [MIO 3], took possession of the substances during the search, that probation officer Olivas gave the substances to the evidence custodian, that the evidence custodian mailed the substances to the state crime lab, and that the lab technician tested and photographed the substances at the crime lab. [DS 5; MIO 9] Given this, we are not persuaded that there was any break in the chain of custody to indicate that the substances tested were not the same as the substances confiscated by probation officer Olivas. *See generally State v. Chavez*, 84 N.M. 760, 761-62, 508 P.2d 30, 31-32 (Ct. App. 1973) (holding that a knowledgeable witness can testify that the evidence presented in court is the

same as that connected with the case without tracing each link in the chain of custody); *see also State v. Peters*, 1997-NMCA-084, ¶ 26, 123 N.M. 667, 944 P.2d 896 (stating that "[q]uestions concerning a possible gap in the chain of custody affects the weight of the evidence, not its admissibility").

**Issue (3):**  Defendant continues to argue that the search of the premises was unconstitutional because the address on the search warrant was not the address searched.  [DS 3, 7; MIO 10; RP 99-100]

The search warrant affidavit describes the residence to be searched as "1302 East Harmon Street"; provides that "[t]here are several trailer[-]type houses is [sic] located on 1302 East Harmon Street"; and indicates that the "trailer[-]type house located to the East is approx. 26 feet long [and] has several wooden panels covering the sides of the trailer."  [RP 100]  The testimony of Officer Shaw [MIO 6] and probation officer Olivas [MIO 3-4, 10] provides that officers searched the residence described.  To the extent that there were inconsistencies [MIO 10-11], we are not persuaded that they invalidated the warrant.  *See generally State v. Grossman*, 113 N.M. 316, 318, 825 P.2d 249, 251 (Ct. App. 1991) (recognizing that "the power to enter and search property has been upheld in New Mexico where omissions or erroneous descriptions have been included in search warrants").

**Issue (4):**  Defendant continues to argue that the district court erred in

4

excluding a defense witness who would have testified that he, rather than Defendant, owned the gun found in the searched residence. [DS 8; MIO 11] The facts provide that Defendant sought to call the witness as a rebuttal witness to probation officer Olivas's testimony. [MIO 11-12] The facts further provide that Defendant had not previously disclosed the witness and that the State objected because the witness had not been previously disclosed, because the witness had been present in the courtroom throughout the trial, and because the witness' testimony was not rebuttal. [MIO 12]

Rule 5-502(A)(3) NMRA provides that, no fewer than ten days before trial, the defendant shall disclose or make available to the State the names and addresses of the witnesses the defendant intends to call at the trial, together with any statement made by the witness. In the event of non-compliance, Rule 5-505(B) NMRA sets forth that the district court may prohibit a party from calling a non-disclosed witness. Consistent with these rules, in the present case we hold that it was not an abuse of discretion for the district court to exclude the testimony of the undisclosed witness, given that his testimony was material to the issue of whether Defendant was a felon in possession of a firearm. *See generally State v. Luna*, 1996-NMCA-071, ¶ 7, 122 N.M. 143, 921 P.2d 950 (recognizing that the remedy for violating a discovery order is discretionary with the trial court and the court's decision to exclude testimony from witnesses whose prior statements have not been properly disclosed will not be

overturned absent an abuse of discretion).

Unlike the circumstances in *State v. McDaniel*, 2004-NMCA-022, ¶¶ 9-10, 135 N.M. 84, 84 P.3d 701 [MIO 12-13],where the State's late disclosure of the witness was because the witness had not been found until the day before trial, in the present case the district court could have reasonably viewed the late disclosure as motivated by a desire to obtain a tactical advantage that would minimize the State's ability to rebut the witness's testimony. In addition, as argued by the State below [MIO 12], Defendant's failure to identify the witness also precluded the State from invoking Rule 11-615 NMRA (providing that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses"), thereby providing Defendant with an unfair tactical advantage. We lastly note that while Defendant asserts that he did not know that the State was going to assert that the gun belonged to him until the time of trial [MIO 12], we believe that the district court reasonably could have determined that such assertion was disingenuous given that Defendant was charged with possession of a firearm by a felon. [RP 1]

Based on the foregoing discussion, we hold that the district court did not abuse its discretion in excluding the witness's testimony. *See generally State v. Sills*, 1998-NMSC-009, ¶ 43, 125 N.M. 66, 957 P.2d 51 (recognizing that although preclusion of a defense witness's testimony as a sanction for violation of a discovery rule is

appropriate only in limited circumstances, such circumstances are present when the defense has withheld information to gain a tactical advantage); *McCarty v. State*, 107 N.M. 651, 655, 763 P.2d 360, 364 (1988) (suggesting that preclusion of important defense testimony may be justified as sanction of choice when violation of procedural rule is willful, the state is prejudiced, and preclusion is necessary to protect the integrity of the adversary system or the efficient administration of justice).

**Issue (5):** Defendant continues to argue that there was insufficient evidence to support his convictions for possession of a firearm by a felon, *see* NMSA 1978, § 30-7-16(A) (2001); possession of a controlled substance, methamphetamine, *see* NMSA 1978, § 30-31-23(D) (2005); possession of drug paraphernalia, *see* NMSA 1978, § 30-31-25.1(A) (2001); and possession of marijuana, *see* NMSA 1978, § 30-31-23(B)(1) (2005). Defendant argues specifically that the evidence was insufficient because the evidence of "possession" was circumstantial. [DS 8; MIO 14]

Officers received information from a confidential informant that Defendant was in possession of a firearm and methamphetamine. [DS 2; MIO 3-4] Officers secured and executed a search warrant of Defendant's residence and found Defendant inside on a couch and, following a search, found the confiscated items at issue. [DS 2-4, 6] Based on the evidence that Defendant lived in the residence and that he was inside at the time of the search, we hold that the jury could reasonably infer that Defendant

7

possessed the substances. *See State v. Pennington*, 115 N.M. 372, 383, 851 P.2d 494, 505 (Ct. App. 1993) (holding that circumstantial evidence may support a guilty verdict); *State v. Montoya*, 85 N.M. 126, 127, 509 P.2d 893, 894 (Ct. App. 1973) (holding that to prove either actual or constructive possession, the state had to show that the defendant had both knowledge and control of the illegal drugs in the bathroom). Apart from evidence of constructive possession, Defendant's probation officer testified that Defendant admitted that the methamphetamine and firearm were his. [DS 6; MIO 4] *See State v. Lopez*, 2007-NMCA-049, ¶ 18, 142 N.M. 613, 168 P.3d 743 (holding that the defendant's confession constituted direct evidence sufficient to establish intentional child abuse resulting in death or great bodily harm).

Based on the foregoing, we hold that sufficient evidence supports Defendant's convictions. *See State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988) (providing that we review the evidence to determine "whether substantial evidence *of either a direct or circumstantial nature* exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction" (emphasis added)).

**Issues (6) and (7):** Defendant continues to argue that the district court erred in not declaring a mistrial when the prosecutor elicited privileged information from the probation officer regarding Defendant's admission to possessing the confiscated

items. [DS 8; MIO 16-17]

The facts provide that probation officer Olivas testified at trial that Defendant admitted to him, following the search, that the methamphetamine and firearm were his. [DS 6; MIO 16] Defendant did not object to the testimony at trial or to the prosecutor's reference to such testimony during closing argument [DS 6], and for this reason we hold that he waived any argument on appeal. *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (holding that in order to preserve an issue for appeal, the defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon). Apart from the lack of preservation, we disagree that any statements made by Defendant to his probation officer in the context of a search were privileged. [MIO 16-17] *See State v. Ware*, 118 N.M. 703, 704-05, 884 P.2d 1182, 1183-84 (Ct. App. 1994) (relying on the defendant's statement to her probation officer to support her conviction for possession of cocaine).

**Issue (8):** Defendant continues to argue that trial counsel was ineffective. [DS 9; MIO 17-20] In response to our notice, Defendant does not present any additional facts or arguments in support of his position. *See State v. Mondragon*, 107 N.M. 421, 423, 759 P.2d 1003, 1005 (Ct. App. 1988) (providing that a party responding to a summary calendar notice must come forward and specifically point out errors of law

9

and fact). For reasons set forth in our notice, we affirm.

**Conclusion.** For reasons set forth above and in our notice, we affirm.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**TIMOTHY L. GARCIA, Judge**