This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38993**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**JOSEPH QUINTERO,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William A. O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**    Defendant appeals the district court's judgment and sentence, following a jury trial, convicting him of possession of methamphetamine. We entered a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition to that notice, which we have duly considered. Unpersuaded, we affirm.

**{2}**    On appeal, Defendant contends the district court erred in: (1) denying his motion for a mistrial based on the State's comments about  defense counsel during voir dire; (2) denying his motion to dismiss the case based on the State's failure to present evidence of an unbroken chain of custody; (3) failing to suppress the drug evidence

based on the State's lack of disclosure of internal documentation of chain of custody from law enforcement; (4) admitting the drug evidence and expert testimony before foundation had been established that the expert personally examined the drug evidence; and (5) denying his motion for mistrial based on a statement in the State's closing argument that Defendant "knew he was going to jail." [DS 6-7]. Our notice of proposed disposition proposed to affirm on all issues, as explained in detail below. [CN 12]

{3}     Issues (1) and (5): Defendant contends that prosecutorial misconduct warranted a mistrial. [MIO 2] Our notice of proposed disposition proposed to affirm, proposing that, respectively: (1) the prosecutor's remarks earlier in trial did not appear to rise to the level of being pervasive and prejudicial that would warrant a mistrial; and (5) it appeared that the prosecutor's remark in his closing statement did not invade a constitutional protection, it was isolated and brief, it was unclear whether it was invited by the defense, and thus it did not warrant a mistrial. *See State v. Torres*, 2012-NMSC-016, ¶ 10, 279 P.3d 740 (stating that, "three factors to consider when reviewing questionable statements made during closing arguments for reversible error: (1) whether the statement invades some distinct constitutional protection; (2) whether the statement was isolated and brief, or repeated and pervasive; and (3) whether the statement was invited by the defense" (alterations, internal quotation marks, and citation omitted)).

{4}     In his memorandum in opposition, Defendant continues to contend that the prosecutor's remarks at closing impermissibly referred to facts outside the record. [MIO 4] However, Defendant does not address our analysis of all three relevant factors and appears to assert only that the remarks referred to facts not in evidence and thus, presumably, invaded a constitutional protection. [MIO 5] In light of Defendant's lack of opposition to our analysis of the other factors and lack of any new facts or authority to support his position, we are unpersuaded Defendant has demonstrated error. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded on other grounds as stated by State v. Harris*, 2013-NMCA-031, 297 P.3d 374.

{5}     To the extent Defendant also urges that the remarks were harmful as they came at the end of the trial, shortly before jury deliberations, we note that in the absence of any rebuttal of our analysis of the factors regarding closing arguments—which necessarily always come at the end of trial—Defendant's point about timing does not contribute much to our proposed analysis. [MIO 5] We also note apart from including the number (1) in a heading, that Defendant appears to no longer raise the issue of the other prosecutorial comments made prior to closing, and we therefore deem it abandoned. [MIO 2-6] *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 268, 814 P.2d 136 (stating that where a party has not responded to this Court's proposed disposition of an issue, that issue is deemed abandoned). We remain unpersuaded that Defendant has demonstrated error as to these issues.

**{6}** Issues (2), (3), and (4): Defendant contends that the State failed to establish a chain of custody for the alleged methamphetamine, and the district court therefore should have excluded testimony regarding the identity of the substance or entered a directed verdict of acquittal. [MIO 6] Our calendar notice proposed that as to these issues: (2) the district court did not abuse its discretion in admitting the evidence, and that Defendant's objections and lines of questioning regarding chain of custody could appropriately challenge the weight of the evidence; (3) there did not appear to be any reasonable probability that disclosure of another potential chain of custody document would have resulted in a different outcome to Defendant's case, or that the document would have created a reasonable doubt of his guilt which would not otherwise exist; and (4) the later proof of the identification of the substance was permissible under Rule 11-104(B) NMRA and the district court did not abuse its discretion in admitting the evidence. [CN 3-10] We suggested that, based on the totality of the evidence by witnesses regarding chain of custody, and without needing to rely on challenged testimony regarding law enforcement's internal documentation, it was "more probable than not the object is the one connected with the case," and that admission of the substance identified as methamphetamine was not error. [CN 5] *State v. Chavez*, 1973-NMCA-036, ¶ 6, 84 N.M. 760, 508 P.2d 30. Instead, we noted that "[q]uestions concerning a possible gap in the chain of custody affects the weight of the evidence, not its admissibility." *State v. Peters*, 1997-NMCA-084, ¶ 26, 123 N.M. 667, 944 P.2d 896.

**{7}** In his memorandum in opposition, Defendant continues to argue that the gap in the chain of custody of the alleged methamphetamine "prevented the [district] court from finding that the substance tested at the crime lab was the substance [Defendant] possessed." [MIO 8] However, Defendant does not explicitly disagree with this Court's proposed conclusion that the issue of the comparatively small gap in the chain of custody was a matter of weight for the jury, rather than a bar to admission of the evidence. Moreover, Defendant acknowledges that the State was not required to establish that "the chain [of custody] was established in sufficient detail to exclude all possibility of tampering." [MIO 9] *Claridge v. N.M. State Racing Comm'n*, 1988-NMCA-056, ¶ 34, 107 N.M. 632, 763 P.2d 66; *cf. Apodaca v. Baca*, 1963-NMSC-167, ¶¶ 17-18, 73 N.M. 104, 385 P.2d 963 (determining that a proper foundation was not laid in order to admit evidence of a blood sample when the sample had been in the mail for four days before being received by a different laboratory than the one to which it was addressed). Accordingly, Defendant's memorandum in opposition has not persuaded this Court that admittance of the evidence was improper. We again note that apart from including issue numbers in a heading, Defendant does not appear to continue to pursue his arguments in Issues (4) and (5) to the extent they initially differed from Issue (3). Defendant has failed to demonstrate error. *See Salenas*, 1991-NMCA-056, ¶ 2.

**{8}** Accordingly, and for the reasons stated in our notice of proposed disposition, we affirm.

**{9}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JACQUELINE R. MEDINA, Judge**