590 P.2d 466

**The STATE of Arizona, Appellee,**

v.

**Donald Edwin BUSHNELL, Appellant.**

**No. 2 CA–CR 1364.**

Court of Appeals of Arizona, Division 2.

Nov. 27, 1978.

Rehearing Denied Jan. 3, 1979.

Review Denied Jan. 23, 1979.

John A. LaSota, Jr., Atty. Gen. by Philip G. Urry, Asst. Atty. Gen., Tucson, for appellee.

Douglas P. Mitchell, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was charged with first-degree burglary and with prior convictions. After the jury found him guilty of the substantive offense, the question of the prior convictions was submitted to the trial court and it found the allegations of three prior convictions were true. A sentence of not less than ten nor more than 12 years was imposed.

Appellant contends (1) the trial court erred in dismissing a juror after the trial had started, (2) the state did not prove the prior convictions and (3) the trial court did not comply with Rule 17.6, 17 A.R.C.P., when the prior convictions were submitted.

In the middle of the third day of trial it came to the defense attorney's attention that one of the twelve jurors was reading a magazine while one of the witnesses was testifying. He moved that the court strike the juror for cause pursuant to Rule 18.4, 17 A.R.C.P. He and the prosecutor then stipu-

lated, in appellant's presence, to proceed with 11 jurors. When defense counsel later brought to the court's attention that it should have ascertained from appellant personally that he would proceed with one less juror than was required, the following took place:

"THE COURT: The only thing that probably is sufficient for the record was your statement after I made the inquiry of you: Let me confer with my client, and after having so conferred you indicated that would be acceptable to you and your client. I think that would suggest he concurred in what he stated to me. I know typically silence is not a sufficient waiver, but I think you did converse with him about the matter and got from him what I assumed was an agreement that you proceed with 11."

The trial court then later addressed the appellant personally:

"THE COURT: The record will show the presence of all counsel and both defendants. Mr. Bushnell, there is a requirement in our rules that a person be addressed by me if they want to waive the right to trial by jury. I don't think when we excused Mr. Dimick, the one juror that we did excuse, constituted a full waiver of trial by jury, but it did reduce the number of jurors from 12 to 11.

The previous record, perhaps, is not as clear as it could be about whether you concurred in that particular juror being excused. Can you state for the record at this time that excusing him was with your concurrence?

MR. BUSHNELL: Yes, it was, your Honor."

Appellant contends that the requirement of 12 jurors cannot be waived and that, in any event, there was no intelligent waiver because the trial court did not inform him that he had a right to a mistrial. Art. 2, Sec. 23 of the Constitution of the State of Arizona requires a trial by 12 jurors if, as was the case here, a sentence of imprison-

1. See also *Patton v. United States*, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930), which

ment for more than 30 years is authorized by law. A.R.S. Sec. 21–102 states in part:

"A. A jury for trial of a criminal case in which a sentence of death or imprisonment for thirty years or more is authorized by law shall consist of twelve persons, and the concurrence of all shall be necessary to render a verdict.

\* \* \* \* \* \*

E. . . . [T]he parties with the consent of the court in a criminal case, may waive trial by jury, or at any time before a verdict is returned consent to try the case with or receive a verdict concurred in by a lesser number of jurors than that specified above."

In *State v. Lockett*, 107 Ariz. 598, 491 P.2d 452 (1971), the court held that a criminal defendant can waive his right to be tried by 12 jurors. The constitutionality of such a waiver was not, however, raised in *Lockett*. Appellant contends that A.R.S. Sec. 21–102(E) is unconstitutional and in conflict with Art. 2, Sec. 23 of the Arizona Constitution. It has long been the law in this state that the parties in a criminal case may waive a trial by jury and that such a waiver does not violate their constitutional right to a jury trial. *State v. Shearer*, 27 Ariz. 311, 232 P. 893 (1925).[1] A fortiori, the statute which allows the case to be tried by less than the number of jurors specified in the constitution does not constitute a constitutional violation.

■ Before any waiver of a jury trial by less than 12 jurors can be had, the court must secure the express and intelligent consent of the defendant. *Patton v. United States, supra*. Appellant contends that the trial court did not advise him that he had a right to a mistrial and therefore there was no intelligent consent. First of all, it is not clear from the record that the juror was in fact reading a magazine. The court stated:

"THE COURT: I watched Mr. Dimick for that short period of time. My observation of Mr. Dimick was that while an attorney was framing a question he

holds that under the United States Constitution a jury trial may be waived.

would look down at the magazine, and when the witness would answer he would look up and take note of an answer. I think it's something on occasion that all of us have done, and that is to maybe have one's attention to go to a couple different places at alternate periods of time."

The trial court warned the juror to put the magazine away. He was not questioned, outside the presence of the other jurors, to determine whether or not he was in fact reading the magazine. It appears that the trial court, in excusing the juror, was merely leaning over backwards to attempt to be fair to appellant. It therefore does not appear from the record that appellant would have been entitled to a mistrial and there was no need for the court to explain to him the alternatives.

After the jury retired, the following took place:

"THE COURT: With reference to the prior convictions, in the event there is a verdict of guilty on the substantive offense of burglary, first degree, how do you want to proceed with trial by jury on the prior convictions? In other words, Mr. Bushnell, you can have the matter tried before the jury as to whether you were previously convicted of grand theft on two occasions, and attempted second-degree burglary, or you can give up that right and let the matter be submitted to the court or tried to the Court. How do you want to proceed?

MR. BUSHNELL: I'll leave it up to my attorney.

THE COURT: Mr. Addis.

MR. ADDIS: I would as soon submit it on the documents, the documents I have in my disclosure. Let me show it briefly to Mr. Bushnell.

MR. GONZALES: In looking through the certified copy, there is a document in there I didn't want to excise myself. For the record, it may be improper to have it. It's a warrant for arrest for violation of parole. I'm in doubt as to whether it is proper to include that with the certified copies.

THE COURT: It probably isn't if it went to the jury, but if it is going to be submitted to me, it wouldn't make any difference to me.

MR. ADDIS: We'll submit it, your Honor.

THE COURT: Typically, Mr. Bushnell, the amount of proof that is offered, as Mr. Gonzales may have indicated, is a certified copy of the record of conviction which typically has a picture on it, and the jury is usually out two minutes, then come back and there isn't much question about the allegation of prior conviction."

At the time set for sentencing, certified copies of the convictions together with appellant's picture and his fingerprints were filed with the court. The court, based upon this evidence, found that the allegations of the prior convictions were true. Appellant's contention that the evidence was insufficient because the state did not prove that the person named in the convictions was him is without merit since the documents included appellant's prison photos. *State v. McGonigle*, 103 Ariz. 267, 440 P.2d 100 (1968).

Rule 17.6, 17 A.R.C.P. provides: "Whenever a prior conviction is charged, an admission thereto by the defendant shall be accepted only under the procedures of this rule, unless admitted by the defendant while testifying on the stand."

It is clear from the rule that an admission to a prior conviction is equated with a guilty plea and that Rule 17.2, 17 A.R.C.P. applies. It is equally clear that the submission to the court here was tantamount to a guilty plea. *State v. Nieto*, 118 Ariz. 603, 578 P.2d 1032 (App.1978). The trial court did not comply with either Rule 17.2 or 17.6. While it appears that appellant, having sat through the entire trial, must have been aware of his constitutional rights under 17.-2(c), *State v. Nieto, supra*, it does not appear that the court ever informed him, as required by 17.2(b), of the range of possible sentence he would be subjecting himself to if the court found that the allegations of

the priors were true. We are therefore constrained to set aside the sentence which has been imposed.

The judgment of conviction of first-degree burglary is affirmed. The case is remanded for an evidentiary hearing within 30 days after the issuance of the mandate in this case. If, after hearing, the court finds that appellant was not aware of the possible effect upon his sentence of his admission of the prior convictions, the admission and the sentence must be set aside. The trial court should then proceed, as required by Rule 17.6, in accordance with the provisions of Rule 17. If the court finds that appellant was aware of the possible effect which his admission of the prior convictions might have upon the sentence, it shall make findings of fact and certify them to this court together with a transcript of the evidentiary hearing. *State v. Nieto, supra.*

HATHAWAY, J., and RICHMOND, C. J., concurring.