608 P.2d 95

The STATE of Arizona, Appellee,

v.

David Ray ALLEN, Appellant.

No. 2 CA–CR 1888.

Court of Appeals of Arizona,
Division 2.

Feb. 1, 1980.

Rehearing Denied March 4, 1980.

Review Denied March 18, 1980.

Robert K. Corbin by William J. Schafer, III, and Dennis C. Freeman, Asst. Attys. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by Lawrence H. Fleischman, Asst. Public Defender, Tucson, for appellant.

## OPINION

RICHMOND, Judge.

Appellant raises two issues in this appeal from his conviction of third degree burglary: (1) The court erred in not requiring the state to elect which act it would use to satisfy the burglary statute, and (2) the court erred in failing to advise appellant of the rights he was waiving by admitting a prior conviction. We affirm the conviction, but remand for an evidentiary hearing to determine whether he was aware of the effect a prior conviction could have on his sentence.

Appellant was arrested after a store security officer saw him steal a woman's purse. The officer had been observing him for some time because of his suspicious behavior. Appellant admitted after he was arrested that he had planned to steal meat, but took the purse because it was easier.

A person commits third degree burglary under A.R.S. § 13–1506 if he enters or remains unlawfully "in a nonresidential structure or fenced commercial yard with the intent to commit any theft or any felony therein." Appellant contends that the state should have been required to elect whether to introduce evidence regarding his intent to steal meat or the purse-snatching as the relevant theft or felony.

■ The crime of burglary is complete when entrance to a specific structure is gained with the requisite criminal intent. *State v. Taylor*, 25 Ariz.App. 497, 544 P.2d 714 (1976). Since appellant admitted that he entered the store with the intent to steal, it is irrelevant that once inside the store he elected to steal a purse instead of meat. Regardless of how many different items he stole or intended to steal he can only be convicted of one count of burglary because there was only one entry. *Cf. People v. Perrin*, 56 A.D.2d 957, 392 N.Y.S.2d 723 (1977) (single entry can support conviction of only one count of burglary despite multiple assaults). Even though appellant could have been convicted of the purse-snatching as a separate crime, *see State v. Arnold*, 115 Ariz. 421, 565 P.2d 1282 (1977), the burglary was one transaction and his reliance on *State v. Counterman*, 8 Ariz. App. 526, 448 P.2d 96 (1968) is misplaced. *See State v. Keith*, 24 Ariz.App. 275, 537 P.2d 1333 (1975).

Appellant's second argument is that the court failed to comply with 17 A.R.S. Rules of Criminal Procedure, rule 17.6, when it asked whether he admitted prior convictions. The state concedes that the rule was not complied with but disagrees with appellant's contention that the proper remedy is to vacate the allegation of prior convictions and preclude their use entirely.

■ Pursuant to the remedy set out in *State v. Bushnell*, 121 Ariz. 350, 590 P.2d 466 (App.1978), we affirm appellant's conviction of third degree burglary but set aside the sentence and remand the case for an evidentiary hearing within 30 days on the issue of his awareness of the effect upon his sentence of his admission of prior convictions. If, after hearing, the court finds that appellant was not aware of the effect of the admission, the admission and the sentence must be set aside and the trial court should proceed in accordance with rule 17. If the court finds that appellant was aware of the possible effect his admission might have upon his sentence, it shall make appropriate findings and certify them to this court together with a transcript of the evidentiary hearing.

The judgment of conviction is affirmed and the case remanded for further proceedings.

HATHAWAY, C. J., and HOWARD, J., concur.