643 P.2d 19

**The STATE of Arizona, Appellee,**

v.

**Gregory Allan BOTTONI, Appellant.**

**No. 2 CA–CR 2331.**

Court of Appeals of Arizona, Division 2.

Feb. 9, 1982.

Rehearing Denied March 16, 1982.

Review Denied March 30, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Michael A. Blum, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was tried for first-degree murder, burglary in the first degree, endangerment and two counts of aggravated assault. He was convicted of endangerment, a misdemeanor, and acquitted on both counts of aggravated assault. The burglary and murder counts resulted in a hung jury. On his retrial on those two counts, the court instructed the jury as to felony murder, and he was convicted of second-degree murder.

Appellant contends that he could not be retried on the murder and burglary charges. To commit burglary, one must enter the structure with the intent to commit another felony, appellant argues, and since he had been acquitted of aggravated assault, there was no felony upon which to base a burglary charge. He extends this reasoning to the felony murder instruction that was given, based upon the burglary charge. Since there was no felony to support a burglary charge, there was no felony to support a felony murder charge. The difficulty with appellant's position is the crime of burglary is complete when entrance to the structure is made with the requisite criminal intent. *State v. Allen*, 125 Ariz. 158, 608 P.2d 95 (App.1980). Burglary does not require the successful completion of the underlying felony. *State v. Rood*, 11 Ariz.App. 102, 462 P.2d 399 (1969). Acquittal of that underlying charge does not necessitate an acquittal on the separate and distinct charge of burglary. *Cf., Jackson v. State*, 216 Ark. 341, 225 S.W.2d 522 (1949); *Sanders v. State*, 198 Ark. 880, 131 S.W.2d 936 (1939). In any event, appellant was acquitted of the first-degree murder charge and convicted of second-degree murder, thus demonstrating that the felony murder rule was not applied by the jury.

Our review of the record for fundamental error discloses none.

The retrial was proper and the judgment and aggravated sentence of 13½ years' imprisonment is affirmed.

HOWARD, C. J., and BIRDSALL, J., concur.