949 P.2d 561

STATE of Arizona, Appellee,

v.

Jose MEDRANO–BARRAZA, Appellant.

No. 1 CA–CR 97–0119.

Court of Appeals of Arizona,
Division 1, Department C.

Dec. 4, 1997.

As Amended Dec. 8, 1997.

Dean Trebesch, Maricopa County Public Defender by Lawrence S. Matthew, Deputy Public Defender, Phoenix, for Appellant.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and R. Wayne Ford, Assistant Attorney General, Phoenix, for Appellee.

## OPINION

LANKFORD, Presiding Judge.

Defendant Jose Medrano–Barraza appeals the sentence imposed by the superior court after a conviction for criminal trespass. Because the trial court did not properly advise defendant of the rights he waived by admitting prior convictions, we remand for further proceedings.

We first summarize the facts. A grand jury indicted defendant on one count of second-degree burglary, a class 3 felony. The State alleged historical prior convictions. After a trial on the merits, a jury acquitted defendant of the burglary charge, but convicted him of the lesser offense of first degree criminal trespass, a class 6 felony. The court found no mitigating circumstances and sentenced defendant to the aggravated but not super-aggravated term of 4.5 years. Defendant appealed.

Prior to sentencing, defendant admitted two prior felony convictions. In return, the State agreed it would not seek a super-aggravated sentence. Before accepting the admissions, the court informed defendant of certain rights he would waive by admitting prior convictions. The court told defendant that admissions waived his right to a jury trial on the prior convictions and his right to have counsel present any evidence in his defense if he proceeded to trial on the prior convictions. Defendant stated he understood what his admissions meant.

Defendant's counsel then informed him of the sentencing ranges the court could impose with prior felonies included as a possible enhancement. He clarified that the judge could still impose the super-aggravated term, even though the State agreed it would not request it. He also informed defendant that he would not be eligible for probation if he admitted prior convictions. Finally, counsel told defendant that by admitting the priors, he gave up the right to any direct appeal on the issue of historical priors. Defendant said he understood and still wished to waive his rights. The court found defendant knowingly, intelligently and voluntarily admitted to two prior felony convictions.

On appeal, defendant argues the court failed to inform him of his right to confront witnesses and his right to remain silent at the time he admitted his prior convictions. He asks this Court to vacate his sentence and remand to the superior court for an evidentiary hearing to determine if his admission was knowing and voluntary. The State urges this Court to dismiss for lack of jurisdiction. The State does not respond to defendant's argument on the merits.

We begin with the jurisdiction question. Statutes grant and limit the jurisdiction of this Court. Arizona Revised Statutes Annotated ("A.R.S.") section 13–4033(A)(3) provides a direct appeal from a "sentence on the grounds that it is illegal or excessive." Defendant challenges the sentence imposed after the court accepted his admission to two prior felony convictions, claiming the sentence was illegal because the court did not advise him of the rights he waived.

The State argues, however, that A.R.S. section 13–4033(B) and Rule 17.1(e) of the Arizona Rules of Criminal Procedure pre-

clude defendant's direct appeal because his sentence derives from a plea agreement. The State contends that defendant is limited to a Rule 32 petition for post-conviction relief.

■■■ We reject the State's interpretation. "[I]n construing [statutes and] court rules, we apply principles of statutory construction." *State v. Baca*, 187 Ariz. 61, 63, 926 P.2d 528, 530 (App.1996) (citation omitted). When interpreting a court rule or statute, we seek to ascertain the framers' intent. *Id.* We presume the framers of the statute did not intend an absurd result and our construction must avoid such a consequence. *Id.*

■■ The State argues A.R.S. section 13–4033(B) bars defendant's appeal because his sentence derives from a plea agreement. This argument fails because defendant neither entered into a plea agreement nor admitted a probation violation. Instead, he merely admitted prior convictions. The statute simply does not address this situation. We therefore conclude that section 13–4033(B) does not bar defendant from seeking appellate review of a sentence following a trial and an admission of a prior conviction. We have jurisdiction pursuant to A.R.S. section 13–4033(A)(3).

The Arizona Rules of Criminal Procedure reinforce our interpretation of section 13–4033(B). Rule 17.1(e) states that "[b]y pleading guilty or no contest in a noncapital case, a defendant waives the right to have the appellate courts review the proceedings by way of direct appeal, and may seek review only by filing a petition for post-conviction relief pursuant to Rule 32. . . ." This defendant did not plead guilty or no contest. Rule 17.1(e) does not apply to this defendant.

Rule 27.8, Arizona Rules of Criminal Procedure, reflects that a probationer who admits a violation "waive[s] the right to have appellate courts review the proceeding by way of a direct appeal . . . ." In contrast, Rule 17.6, which addresses admissions of pri-

or convictions, makes no direct reference to waiver of appeal.[1] Read together, these rules confirm our interpretation of the statute and indicate that a direct appeal is not waived by admitting a prior conviction during or after a trial.

Finally, we note that the State's interpretation would not serve the legislative purpose of streamlining the appellate process. Under the State's interpretation, a defendant convicted by trial but sentenced after an admission of prior convictions would generate two appellate proceedings: a direct appeal from the conviction and a Rule 32 petition from the sentence. We are confident that the legislature did not intend to require needless multiplication of appellate proceedings.

Rule 17.6 addresses the very heart of defendant's claim: He alleges that the court failed to properly advise him of his rights when it accepted his admission of a prior conviction. Therefore, he argues, the rules of criminal procedure entitle him to relief.

We turn to the merits. While defendant concedes the judge questioned him regarding his understanding of the admission and reviewed various consequences with him, he asserts the judge failed to inform him that he was waiving his right to confront and cross-examine witnesses and his right to remain silent. The State did not respond to this contention, choosing instead to stand on its jurisdiction argument.

■■■ Rule 17.6 requires that defendant be advised of his constitutional trial rights before an admission of prior convictions can be accepted. *State v. Alvarado*, 121 Ariz. 485, 489–90, 591 P.2d 973, 977–78 (1979); *State v. Allen*, 125 Ariz. 158, 159, 608 P.2d 95, 96 (1980). The court did not inform defendant that he was waiving his right to confront witnesses and his right to remain silent. This omission *may* have rendered defendant's admission defective under Rule 17.

■■■ The proper remedy is to remand for an evidentiary hearing on defendant's awareness or ignorance of the matters on which the court failed to inform him. *Allen,*

1. Rule 17.6 does provide that the admission be accepted "only under the procedures of this rule, unless admitted by the defendant while testifying on the stand." Rule 17 elsewhere requires that

defendants who plead guilty or no contest be advised that they waive the right to direct appeal. Rule 17.2(e). Again, however, this defendant did not plead guilty or no contest.

125 Ariz. at 159, 608 P.2d at 96.[2] At that hearing, the trial court should "determine whether the extended record shows defendant had knowledge" of the rights he waived. *Id.* at 482, 747 P.2d at 1181. "If not, the court must then determine whether such lack of knowledge was relevant and material to the making of the [admission]." *Id.* "[T]he question is not simply what the defendant was told in court but what he knew from any source." *State v. Crowder*, 155 Ariz. 477, 479, 747 P.2d 1176, 1178 (1987) (guilty plea).

For these reasons, we remand to the superior court for an evidentiary hearing.

GARBARINO and NOYES, JJ., concur.

2. Although in *Allen* we "set aside the sentence and remand[ed] the case for an evidentiary hearing," 125 Ariz. at 159, 608 P.2d at 96, we also said that the proper remedy was that set forth in *State v. Bushnell*, 121 Ariz. 350, 590 P.2d 466 (App.1978). *Bushnell* makes clear that the sentence is to be set aside by the trial court if it finds that defendant had been unaware of the matters of which he was entitled to know. 121 Ariz. at 354, 590 P.2d at 470. Accordingly, we do not vacate the sentence.