[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1019 
 FACTS AND PROCEDURAL HISTORY ¶ 1. John Smith[1] was staying with his grandmother, Kathleen, at her home in Meridian, Mississippi, between July 14 and July 16, 2003. At some point during his stay, John was with his uncle, Abraham Divine. Divine and his wife, who is John's mother's half-sister, were living with Kathleen at the time. John and Divine were in *Page 1020 
a bedroom alone when Divine pulled his pants down and John's pants down then inserted his penis into John's rectum. When John's mother came to pick him up on July 16, John told his mother and grandmother what had happened. John also told his mother that he did not want to return to his grandmother's house if Divine was also there. At the time of the assault, John was seven years old and Divine was twenty-two. John's mother took him to the emergency room for an exam and also notified the police on the same day that John told her what had happened.
 ¶ 2. On August 11, 2005, a jury in the Lauderdale County Circuit Court found Divine guilty of sexual battery. Divine was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections. Divine was also ordered to pay restitution in the amount of $764.80, AB fee of $1200, as well as court costs of $277.
 ¶ 3. Divine now appeals asserting the following issues: (1) the trial court erred in denying his motion to suppress his statement to the police; (2) the trial court erred in denying his jury instruction; (3) the trial court erred in failing to grant a mistrial as a result of improper remarks made by the prosecution; and (4) the guilty verdict was not supported by the evidence.
 DISCUSSION I. DID THE TRIAL COURT ERR IN DENYING DIVINE'S MOTION TO SUPPRESS?
 ¶ 4. In his first issue on appeal, Divine asserts that the trial court erred in denying his motion to suppress his statement to the police. Divine states that his pretrial statements were the result of threats and promises made by the police officer who was questioning him. For a confession to be admissible it must not have been given as a result of promises, threats or inducements. Dancer v. State, 721 So.2d 583,587 (¶ 17) (Miss. 1998). The prosecution must prove beyond a reasonable doubt that the confession was made voluntarily and meets this burden by producing "testimony of an officer, or other persons having knowledge of the facts, that the confession was voluntarily made without threats, coercion, or offer of reward." Morgan v. State, 681 So.2d 82, 86-87 (Miss. 1996). Our standard of review regarding the admissibility of confessions is as follows: "So long as the court applies the correct legal standards, we will not overturn a finding of fact made by a trial judge unless it be clearly erroneous.' Where,on conflicting evidence, the court makes such findings this Court generally must affirm." Alexander v. State,610 So.2d 320, 326 (Miss. 1992) (internal citations omitted).
 ¶ 5. During the suppression hearing, Detective James Hall from the Meridian Police Department testified that he conducted the interview with Divine. Detective Hall testified that he made no promises of leniency to Divine. Rather, Detective Hall stated that he told Divine to "tell the truth," "come clean" and he would tell the district attorney of Divine's cooperation. The statements to "tell the truth" and "come clean" have been held not to be promises of leniency. Flowers v. State,601 So.2d 828, 831 (Miss. 1992). Likewise, a statement that the district attorney would be informed of a defendant's cooperation is not an implied promise of leniency if no other coercive tactics are also employed. Greer v. State,818 So.2d 352, 357 (¶ 14) (Miss.Ct.App. 2002). The trial court found that Detective Hall made no other promises of help to Divine. Upon review of the interview, we agree with the *Page 1021 
trial court. Furthermore, Divine has failed to show by testimony or otherwise that the alleged promises of leniency promised by Detective Hall were the proximate cause of his confession to sexual battery. See Layne v. State,542 So.2d 237, 241 (Miss. 1989). This issue is without merit.
 II. DID THE TRIAL COURT ERR IN DENYING DIVINE'S JURY INSTRUCTION?
 ¶ 6. In his second issue on appeal, Divine argues that the trial court erred in denying his jury instruction on the lesser crime of lustful touching of a child. In reviewing the denial of a jury instruction, the appellate court must consider not only the denied instruction but also all of the instructions which were given to ascertain if error lies in the refusal to give the requested instruction. See Coleman v. State,697 So.2d 777, 782 (Miss. 1997). "A defendant is entitled to have jury instructions given which present his theory of the case; however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in another instruction, or is without foundation in the evidence." Heidel v. State,587 So.2d 835, 842 (Miss. 1991). Furthermore, a jury instruction on a lesser-included offense is to be given only when a defendant "points to evidence in the record from which a jury could reasonably find him not guilty of the crime with which he was charged and at the same time find him guilty of the lesser-included offense." Ladnier v. State,878 So.2d 926, 932 (¶ 21) (Miss. 2004).
 ¶ 7. Divine claims that the testimony at trial was conflicting, therefore the jury could have found him guilty of the lesser offense of lustful touching of a child. The lustful touching statute states, in part:
 (1) Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child under the age of sixteen (16) years, with or without the child's consent, . . . shall be guilty of a felony. . . .
Miss. Code Ann. § 97-5-23 (Rev. 2006). The sexual battery statute under which Divine was indicted states, in part: "(1) A person is guilty of sexual battery if he or she engages in sexual penetration with: . . . (d) A child under the age of (14) years of age, if the person is twenty-four (24) or more months older than the child." Miss. Code Ann. § 97-3-95(1)(d) (Rev. 2006).
 ¶ 8. In reviewing the testimony, the evidence was not conflicting. Dr. James Snyder, who examined John on the night of July 16, testified that John's rectum was swollen and there was a tear on the "12:00 position of the rectal verge, or the opening into the rectum." Dr. Snyder stated that these injuries were consistent with sexual battery. On cross-examination, Divine took issue with the record of the exam describing the tear in John's rectum as "superficial." Dr. Snyder explained that the term "superficial" described the depth of the injury and not necessarily the mechanism of the injury. Divine seems to argue that a slight tear in John's rectum is not enough of a substantial injury to warrant his conviction of sexual battery. However, this evidence clearly indicates that John was penetrated, thus meeting the definition of "sexual penetration" pursuant to the sexual battery statute. See Miss. Code Ann. § 97-3-97(a) (Rev. 2006) (any penetration of the genital or anal openings of another person's body by any part of a person's body). *Page 1022 
 ¶ 9. Divine also argues that John's mental state during the battery as well as Kathleen stating that John had told "fibs" before are further examples of conflicting evidence. Apparently, Divine argues that because John stated that he felt dumb and mad during and after the assault, the jury might be inclined to find him guilty of the lesser crime of lustful touching. We are unpersuaded by this argument as there is no requirement in either the sexual battery statute or the lustful touching statute that the victim's emotional state be an issue. In regards to the statement by Kathleen that John had told "fibs" before, we are not convinced that this rises to the level of conflicting evidence warranting a lustful touching jury instruction.
 ¶ 10. The trial court found that there was no evidence or factual basis to support a lustful touching instruction, and we find the same. This issue is without merit.
 III. DID THE TRIAL COURT ERR IN FAILING TO GRANT A MIS-TRIAL AS A RESULT OF IMPROPER REMARKS MADE BY THE PROSECUTION?
 ¶ 11. In his third issue on appeal, Divine argues that the trial court erred in failing to grant a mistrial as a result of improper remarks made by the prosecution. It is well settled that the grant or denial of a motion for mistrial is within the discretion of the trial court and, upon review, we must determine whether the trial court abused its discretion in its ruling. Pulphus v. State, 782 So.2d 1220, 1222 (¶ 10) (Miss. 2001). The prosecutor may comment upon any facts introduced into evidence, and he may draw whatever deductions and inferences that seem proper to him from the facts.Rogers v. State, 796 So.2d 1022, 1027 (¶ 15) (Miss. 2001). This Court recognizes that the trial judge is in the best position to determine whether an objectionable remark has had any prejudicial effect. Roundtree v. State,568 So.2d 1173, 1177 (Miss. 1990).
 ¶ 12. Divine claims that a mistrial should have been granted as a result of two remarks. At one point during the closing arguments, the prosecution stated that "[t]his man right here is a sexual predator." At another point, the prosecution referred to Divine as a child molester. We note that immediately before referring to Divine as a child molester the prosecution was reading portions of Divine's statement wherein he stated, "I am not a child molester." In ruling upon Divine's motion for a mistrial, the trial court found that "it is fair argument based upon the testimony and the evidence . . . there was a basis for that statement, so your motion will be denied." We agree with the trial court. The facts of the case showed that Divine sexually penetrated his nephew; thus, we cannot find that the trial court erred in failing to grant a mistrial.
IV. WAS THE GUILTY VERDICT SUPPORTED BY THE EVIDENCE?
 ¶ 13. In his final issue on appeal, Divine argues that the trial court erred in denying his motion for a directed verdict and motion for a judgment notwithstanding the verdict or, in the alternative, a new trial as the verdict was not supported by the evidence. In reviewing the sufficiency of the evidence, all evidence supporting the guilty verdict is accepted as true, and the State must be given the benefit of all reasonable inferences that can be reasonably drawn from the evidence. Bell v.State, 910 So.2d 640, 646 (¶ 16) (Miss.Ct.App. 2005). Furthermore, it is well-settled law that the jury determines the credibility of witnesses and resolves conflicts in the evidence.Evans *Page 1023 v. State, 725 So.2d 613, 680-81 (1293) (Miss. 1997).
 ¶ 14. Divine's sole argument is that the evidence was insufficient to prove that penetration occurred. However, Divine cites to the same testimony he considered conflicting in his second issue, namely the injuries to John's rectum, John's apparent lack of pain during the assault, and Kathleen's testimony that John had told "fibs" before. The testimony concerning the injuries to John's rectum and John's testimony that Divine assaulted him were sufficient for the jury to draw a reasonable inference that Divine sexually penetrated John's rectum. In fact, the testimony does not conflict at all. We find no merit to this issue.
 ¶ 15. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUITCOURT OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TWENTYYEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OFCORRECTIONS, WITHOUT THE POSSIBILITY OF PAROLE OR ANY OTHEREARLY RELEASE AS A SEX OFFENSE, PAY $764.80 RESTITUTION TO THEVICTIM AND PAY $1200 AB FEE, IS AFFIRMED. ALL COSTS OF THISAPPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. ROBERTS AND CARLTON, JJ., NOT PARTICIPATING.
[1] The Court of Appeals declines to identify the miner victims of sexual crimes; therefore certain names have been substituted with minor victims of sexual crimes; therefore, aliases.