296 P.3d 1010

**STATE of Arizona, Appellee,**

v.

**Ben Wesley LONEY, Appellant.**

**No. 1 CA–CR 11–0860.**

Court of Appeals of Arizona, Division 1, Department C.

Feb. 7, 2013.

Thomas C. Horne, Arizona Attorney General By Kent E. Cattani, Chief Counsel Criminal Appeals/Capital Litigation Section And Joseph T. Maziarz, Assistant Attorney General, Phoenix, Attorneys for Appellee.

David Goldberg, Attorney at Law By David Goldberg, Fort Collins, CO, Attorney for Appellant.

### SUPPLEMENTAL OPINION

BROWN, Judge.

¶ 1 This court previously issued an opinion affirming Ben Wesley Loney's convictions for two counts of sexual conduct with a minor (Counts Two and Three of the indictment). *State v. Loney,* 230 Ariz. 542, 543, ¶ 1, 287 P.3d 836, 837 (App.2012). We also affirmed Loney's sentence on Count Three, but determined his sentence on Count Two was based on an erroneous interpretation of Arizona Revised Statutes section 13–703(A) (2012). *Id.* at 547, ¶ 22, 287 P.3d at 841. We concluded the error constituted fundamental, prejudicial error and therefore remanded for resentencing. *Id.*

¶ 2 The State moved for reconsideration, arguing we misapplied the prejudice prong of fundamental error and failed to hold Loney to his burden of establishing prejudice. In response, Loney asserted his release from prison was imminent and therefore our order remanding for resentencing was effectively mooted. Loney also indicated he had no desire to be resentenced to probation, having already served both of the flat-time sentences originally imposed by the trial court. Recognizing these concerns, and because Loney was actually released from the custody of the Arizona Department of Corrections on January 10, 2013, the State's argument regarding prejudice is moot. *See State v. Peters,* 110 Ariz. 316, 317, 518 P.2d 566, 567 (1974) (noting that issue relating to legality of jail sentence was mooted by the passage of time).

¶ 3 Accordingly, we deny the State's motion for reconsideration, but we modify our opinion by vacating the last textual sentence of paragraph 22 (and the accompanying citation) and the order remanding for resentencing. *See Loney,* 230 Ariz. at 547, ¶¶ 22–23, 287 P.3d at 841. The remainder of the opinion stands, as it provides clarification of the law.

CONCURRING: LAWRENCE F. WINTHROP, and JOHN C. GEMMILL, Judges.